ALB:CNR
F. #2018R001208

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ROBERT GALLIMORE,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. CR 18 363
(T. 18, U.S.C., §§ 2251(a), 2251(e),
2252(a)(2), 2252(b)(1), 2253(a), 2253(b),
2422(b), 2428(b) and 3551 et seq.; T. 21,
U.S.C., § 853(p))   FEUERSTEIN, J.

LINDSAY, M.J.

THE GRAND JURY CHARGES:

COUNT ONE
(Sexual Exploitation of a Child)

1. On or about and between May 26, 2018 and June 3, 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROBERT GALLIMORE did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe, a minor individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile Internet devices, computers and smartphones, and

such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT TWO
(Coercion and Enticement)

2.  On or about and between May 26, 2018 and June 3, 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROBERT GALLIMORE, using one or more facilities and means of interstate and foreign commerce, to wit: the Internet and mobile Internet applications, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: Jane Doe, to engage in sexual activity for which a person could be charged with a criminal offense, to wit: the use of a child in a sexual performance, in violation of New York Penal Law Section 263.05.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## COUNT THREE
(Receipt of Child Pornography)

3.  On or about and between May 26, 2018 and June 3, 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROBERT GALLIMORE did knowingly and intentionally receive one or more visual depictions, to wit: images of Jane Doe, using a means and facility of interstate and foreign commerce, and which visual depictions had been mailed, and shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed, and so shipped and transported, by any means including by

computer, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(2), 2252(b)(1) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND THREE

4. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts One and Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

  6.  The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428(b), which requires the forfeiture of (a) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; and (b) any property, real or personal, constituting or derived from, proceeds obtained directly or indirectly as a result of such offense.

  7.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the court;

    (d)  has been substantially diminished in value; or

   (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Section 2428(b); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2018R001208
FORM DBD-34
JUN. 85

No. _____

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 19 2018 ★

LONG ISLAND OFFICE

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

ROBERT GALLIMORE,

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 2251(a), 2251(e), 2252(a)(2), 2252(b)(1), 2253(a), 2253(b), 2422(b), 2428(b) and 3551 et seq.; T. 21, U.S.C., § 853(p)

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* \_\_\_\_\_

_____
*Clerk*

*Bail, $* _____

_____

**Charles N. Rose, Assistant U.S. Attorney (631) 715-7844**