

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CNR
F. #2018R01208

*610 Federal Plaza*
*Central Islip, New York 11722*

May 13, 2022

<u>By ECF</u>

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

        Re:    <u>United States v. Robert Gallimore</u>
                <u>Criminal Docket No. 18-363 (JS)</u>

Dear Judge Seybert:

      The government submits this letter in connection with the sentencing of the defendant Robert Gallimore, which is scheduled for Friday, May 20, 2022 at 2:00 p.m.  The government respectfully submits that a total sentence of 262 months of imprisonment – the top of the advisory Guidelines range - is appropriate in this case.

<u>Background</u>

      On June 26, 2018, the defendant was arrested by the Federal Bureau of Investigation after an investigation, which revealed that the defendant was using the internet to threaten and ultimately force a 16-year-old girl from Long Island to generate and distribute child pornography of herself, including sexually explicit videos and images of herself engaged in various masochistic acts.  On January 9, 2019, the defendant pleaded guilty pursuant to a plea agreement with the government to Count Two of the Indictment, which charged under 18 U.S.C. § 2422(b) that on or about and between May 26, 2018 and June 3, 2018, the defendant used the internet to entice and coerce a minor into engaging in sexual activity, which constituted the criminal offense of Use of a Child in a Sexual Performance under NY Penal Law.  In the executed plea agreement, the government estimated an advisory Guidelines range of imprisonment of 210 to 262 months, assuming the defendant was in Criminal History Category I. The defendant stipulated to the government's estimated Guidelines calculation in the plea agreement.

      According to the Presentence Investigation Report ("PSR"), dated February 12, 2020, the Probation Department also calculated a Sentencing Guidelines offense level of

37, which, in Criminal History Category I, carries a range of imprisonment of 210 to 262 months – the same as estimated by the government.

In the defendant's sentencing submission, dated April 22, 2022, the defendant did not object to the Guidelines calculations, but nevertheless requested a sentence 90 months below the bottom of the advisory Guidelines range, based on the defendant's history and characteristics, the nature of his confinement during the COVID-19 pandemic and the alleged unfairness in the Guidelines as they pertain to defendants generally engaged in child pornography production. According to the defendant, the Guidelines fail to account for the fact that the defendant's criminal conduct was of "relatively short duration" and that the defendant was not "physically present during the production of the pornography." Although the defendant "stress[es] that we do not mean to say that [the defendant]'s crimes are not severe, but rather, [the defendant]'s crimes must be weighed relative to other child-pornography defendants who are far more dangerous." In requesting a sentence of only 120 months, the defendant claims that he "is not a bad man," but "a man who did a very bad thing."

A Sentence of Imprisonment At the Top of the Guidelines Range is Warranted

Based on the defendant's egregious criminal conduct as detailed in comprehensive and reprehensible detail in the PSR, see PSR ¶¶ 3- 22, not only did the defendant cause a 16-year old Long Island girl to generate sexually explicit and masochistic child pornography of herself but he also terrorized the victim for approximately a week, threatening to disseminate the videos and images throughout her school if she did not continue to generate additional child pornography for him and also propositioning the victim to engage in sexual intercourse or perform other sex acts with him in person. While the defendant deceived the victim into believing that the defendant was an 18-year-old male, the defendant was actually a married 28-year-old working as a corrections officer at a Florida state correctional facility and also as a part-time hospital worker.

To the extent the defendant is seeking a below Guidelines sentence due to the relatively short nature of the crime, the government submits that the sheer terror that the victim must have been dealing with over the week in which she was compelled against her will to create and distribute child pornography completely undermines the notion that the defendant's sentence should be reduced because he did not torture and sexually abuse her longer. The defendant's crimes with respect to the underage victim were premeditated, masochistic and extensive, regardless of the time frame. Moreover, as the PSR indicates, the defendant also admitted to the investigating agents that he had had sexually explicit conversations with other girls who he believed may have been as young as 15-years-old and had pornographic images of girls on his phone also as young as 15-years old. The defendant also admitted that he possessed images of child pornography of girls as young as 12-years old in his online cloud storage.

To the extent the defendant seeks leniency due to not being physically present while the child pornography was created, the defendant was the direct cause of its creation

2

and orchestrated the minor victim's actions under extreme duress while the defendant hid behind the relative anonymity of the internet. The fact that the defendant was not in the room while the child pornography was generated does not make the defendant any less dangerous; indeed, based on the defendant's detailed threats to the minor victim as indicated in the transcribed chats in the PSR, the defendant also solicited the minor victim for sex on multiple occasions. The danger here is not something speculative or imagined, it was very real and the defendant's crimes was the direct and proximate cause of such danger to a minor victim.

Also, despite the apparent "traumatic environment that [the defendant] was forced to grow up in," the defendant managed to get married, hold two jobs in public service, has no history of alcohol or substance abuse and no prior criminal record. The defendant also earned a GED, college credits from South Florida State College and even obtained an A- from a college course through Columbia University's School of Professional Studies while incarcerated in the present case. In sum, the defendant's childhood, as described in the defendant's sentencing submission, was certainly less than idyllic, but by no means compelled him to commit the heinous crimes he has admitted to in this case. And despite the allegedly harsh conditions of his confinement during the COVID-19 pandemic, the defendant was able to "stay active in the prison community and better himself" and has been a productive inmate during his work assignments. And although the defendant pleaded guilty to his crime and expressed remorse, the PSR noted that the defendant claimed to his wife that he was "innocent and was 'framed'." See PSR ¶55.

In sum, the defendant committed a heinous crime against a minor over an extended period of time and a sentence of 262 months - at the top of the advisory Guidelines range - will serve as a powerful specific and general deterrent and as just punishment.

Conclusion

For the reasons stated above, the government respectfully submits that a sentence at the top of the advisory Guidelines range – 262 months' imprisonment – is warranted.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/ Charles N. Rose
Charles N. Rose
Assistant U.S. Attorney
(631) 715-7844

Cc: Evan Sugar, Esq. (by ECF)

3